IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-57,854-02






EX PARTE JOHNNY RAY JOHNSON








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 694175


IN THE 179TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. Price and Johnson, JJ., would grant the stay and remand the
case to the trial court.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In May 1996, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Johnson v. State, No. AP-72,422 (Tex. Crim. App. Feb. 25, 1998). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on July 17, 1998. This Court
denied applicant relief. Ex parte Johnson, No. WR-57,854-01 (Tex Crim. App. Feb. 18,
2004)(not designated for publication). Applicant's subsequent application was received in
this Court on February 10, 2009.

 Applicant presents three allegations in his application. In his first claim, applicant
asserts that his execution would violate the United States Supreme Court's opinion in Atkins
v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the execution
of the mentally retarded. In his second and third claims, applicant asserts that his execution
would violate due process and equal protection unless he is given a meaningful opportunity
to present and be heard on his Atkins claim.

 We have reviewed the application and find that applicant has failed to make a prima
facie case of mental retardation. Otherwise, applicant's claims fail to meet the dictates of
Article 11.071, § 5. Accordingly, we dismiss his application and deny his motion to stay his
execution. 

 IT IS SO ORDERED THIS THE 11TH DAY OF FEBRUARY, 2009.


Do Not Publish